FILED
2004 MAY -6 AM 10:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SEROLOGICALS SPECIALTY BIOLOGICS, INC., }<br><br>    Plaintiff, }<br><br>v. }<br><br>SOUTHERN BLOOD SERVICES, INC., et al., }<br><br>    Defendants. } | CIVIL ACTION NO.<br>04-AR-0555-S |
| SOUTHERN BLOOD SERVICES, INC., }<br><br>    Plaintiff, }<br><br>v. }<br><br>SEROLOGICALS SPECIALTY BIOLOGICS, INC., et al., }<br><br>    Defendants. } | CIVIL ACTION NO.<br>04-PWG-0568-S |

ENTERED
MAY 06 2004

### MEMORANDUM OPINION

Although the two above-entitled cases have not yet been formally consolidated, they have already been treated together because of their interrelationship, the outcome of one being influential in, or dispositive of, the other. The magistrate judge to whom CV-04-PWG-0568-S is assigned has, under the circumstances, agreed to a consolidation in order that a single judge will be responsible for deciding the jurisdictional question inherent in both cases.



The case first filed in this court is *Serologicals Specialty Biologics, Inc. v. Southern Blood Services, Inc., et al.*, CV-04-AR-0555-S. The other case was filed originally in the Circuit Court of Jefferson County, Alabama, shortly before CV-04-AR-0555-S was filed in this court. It is *Southern Blood Services, Inc. v. Serologicals Specialty Biologics, Inc., et al.*, designated as CV-04-PWG-0568-S after having been removed to this court. Plaintiff in CV-04-AR-0555-S, and defendant in CV-04-PWG-0568-S, is Serologicals Specialty Biologics, Inc. ("Serologicals"). Plaintiff in CV-04-PWG-0568-S and defendant in CV-04-AR-0555-S is Southern Blood Services, Inc. ("Southern Blood"). It becomes quickly apparent that the cases are virtual mirror images of each other. Another defendant in CV-04-AR-0555-S is David T. Morad ("Morad"), who is the principal of Southern Blood. Other defendants in CV-04-PWG-0568-S are Gradipore Ltd. ("Gradipore"), the parent corporation of Serologicals, and Anita Hyde ("Hyde"), a person who is alleged to have a contract with Serologicals.

In CV-04-PWG-0568-S, Southern Blood seeks the functional equivalent of a declaration that a letter dated February 9, 2004, signed by Serologicals' counsel, and addressed to Southern Blood, is incorrect when it in asserts that Southern Blood has tortiously interfered with contracts like the contract between Serologicals and Hyde by the terms of which Hyde is purportedly obligated to sell exclusively to Serologicals her blood that contains one or

more rare and valuable antibodies. Southern Blood asks for no monetary damages from Serologicals, or from Gradipore, or from Hyde. Rather, it seeks only a declaration that the purportedly exclusive contract between Hyde and Serologicals, and similar contracts between Serologicals and its blood donors, are unlawful restraints of trade and violate Alabama's public policy. The complaint does not invoke any federal statute, regulation or constitutional provision, and purports to state no federal cause of action. Presumptively, Southern Blood, then, relies only upon Alabama law for its relief.

Instead of responding to Southern Blood's complaint in the Circuit Court of Jefferson County with a counterclaim, Serologicals separately filed CV-04-AR-0555-S in this court, seeking money damages and injunctive relief against Southern Blood and its principal, Morad. Serologicals' liability theories track its counsel's letter of February 9, 2004, which promised legal action in the event Southern Blood did not cease negotiating for the purchase of Hyde's blood and the blood of other persons under contract with Serologicals. Serologicals then removed Southern Blood's state court action to this court, invoking the diversity jurisdiction established by 28 U.S.C. §§ 1441 and 1332. The notice of removal alleges complete diversity of citizenship of the parties and the existence of the requisite jurisdictional amount. If a federal question appears on the face of a complaint, there is a

basis for removal jurisdiction under 28 U.S.C. § 1331. The notice does not claim the existence of a federal question. In order to invoke jurisdiction under 28 U.S.C. § 1332, the removing defendants, Serologicals and Gradipore, necessarily had to allege not only that there is more than $75,000 in controversy, but also that Hyde, who, like Southern Blood, is a citizen of Alabama, was fraudulently joined by Southern Blood for the purpose of destroying diversity.

Southern Blood filed a motion to remand CV-04-PWG-0568-S for lack of subject-matter jurisdiction, and a motion to dismiss CV-04-AR-0555-S as a matter of comity. Both of these motions are now before the court, having been briefed and orally argued. Serologicals claims, alternatively, that if Hyde was not fraudulently joined, she should be realigned with Southern Blood, thus providing complete diversity in an alternative way. Hyde, herself, has not filed an appearance in CV-04-PWG-0568-S and therefore has not taken a formal position on the merits of the controversy. Perhaps, she is still trying to decide which side she is on.

There are two reasons why this court lacks subject-matter jurisdiction in CV-04-PWG-0568-S, the removed case. The first is that Hyde, the non-diverse defendant, was not fraudulently joined. Hyde has a legitimate interest in the declaration being sought by Southern Blood. Although she may not be an indispensable party,

she is certainly a proper party.  Whether the relief sought by Southern Blood, if granted, would affect Hyde adversely or favorably, is a matter yet to be determined.  She shares Alabama citizenship with Southern Blood, so that, unless she is either realigned or found to have been fraudulently joined, complete diversity is absent.  If Hyde should personally move to be realigned with Southern Blood as a plaintiff, the court, whether this court or the state court, would necessarily have to rule upon her request, but the first matter to be decided by this court is whether this court or the state court will address that question if Hyde raises it.

The questions of fraudulent joinder and/or realignment become academic under § 1332 analysis in light of the other fatal shortcoming in this removal, namely, the absence of $75,000 in money or its equivalent being sought by **plaintiff**.  The determination of whether the jurisdictional amount exists must be viewed **from the plaintiff's perspective**, although the heavy burden of proving that the plaintiff has a realistic prospect of recovering $75,000 or more is on the removing defendants.  Southern Blood may or may not have standing to obtain a declaration that the purportedly exclusive contracts between Serologicals, its competitor, and its competitor's donors, are not enforceable, but that is not an issue for this court if this court lacks subject-matter jurisdiction over the removed case.  Because defendants have

not proven that plaintiff, Southern Blood, in CV-04-PWG-0568-S is seeking and can obtain $75,000 in money or its equivalent from defendants, the requisite jurisdictional amount for a § 1332 removal is not present. *See Ericsson GE Mobile v. Motorola Communications*, 120 F. 3d 216 (11th Cir. 1997), rehearing *en banc* den'd at 130 F. 3d 446 (11th Cir. 1997); and *Fidelity Warranty Serv. v. Kidd*, 45 F. Supp. 2d 1284 (N.D. Ala. 1999), aff'd at 196 F. 3d 1262 (11th Cir. 1999), rehearing *en banc* den'd at 204 F. 3d 1124 (11th Cir. 1999), *cert. den'd*, 529 U.S. 1069 (2000).

From the records of the court, it appears that neither of the removing defendants, Serologicals nor Gradipore, filed the statement required by Rule 7.1, F.R.Civ.P. Although this failure would constitute a fatal procedural defect in CV-04-PWG-0568-S, if Southern Blood had raised it, it has not been raised. A subject-matter jurisdictional defect can, of course, not be waived.

Because CV-04-PWG-0568-S is being remanded for lack of subject-matter jurisdiction, CV-04-PWG-0568-S must be treated as a prior case pending in the state court. That case, in which Southern Blood is the plaintiff, is a case in which the same issues that are presented in CV-04-AR-0555-S can readily be presented as a counterclaim, whether discretionary or compulsory, and therefore this court must defer to the court of competent jurisdiction in which the prior filed case is pending, especially when that court is a court of general jurisdiction, while this court is a court of

limited jurisdiction. Whether this deferential concept is called "abatement" or "abstention" or "judicial economy" or "avoiding a race to judgment in competing courts", this court will grant Southern Blood's and Morad's motion to dismiss CV-04-AR-0555-S, but without prejudice to Serologicals' right to present the same claims in the remanded CV-04-PWG-0568-S by way of counterclaim. Serologicals argues that Southern Blood's having beaten it to the courthouse should not be controlling on the question of this court's jurisdiction in either case, or on the question of which party should enjoy the designation "plaintiff". It may be true that after Southern Blood received Serologicals' letter of February 9, 2004, it raced as fast as it could run to the forum of its choice. If its motive was to execute a preemptive strike in order to obtain the favored appellation "plaintiff" and to appear as the aggressor, it accomplished its purpose, but it cannot avoid the prospect of being called "counterclaim defendant" when Serologicals files its anticipated counterclaim in the state court.

### Conclusion

An appropriate separate order will be entered.

DONE this 6th day of May, 2004.

_William M. Acker_
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE